**CITIES SERVICE OIL CO., Plaintiff-Appellee, v. DAYTON RELIABLE MOTORS, INC., Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 1786. Decided December 15, 1943.

O. M. Southard, Dayton, for plaintiff-appellee.
R. A. Skilken, Dayton, for defendant-appellant.

## OPINION

By HORNBECK, J.

This is an appeal on questions of law from a judgment of the Common Pleas Court affirming a judgment of the Municipal Court of the City of Dayton in favor of the plaintiff and against the defendant in the sum of $270.00 with interest and costs.

At the outset it may be noted that the judgment in the Common Pleas Court was entered of date March 25, 1943. The notice of appeal in that court was filed April 19, 1943, which is more than twenty days after the judgment entry, not within the time prescribed by §12223-7 GC, and, therefore, this court is without jurisdiction to pass upon the appeal and it must therefore be dismissed.

We will say, however, for benefit of counsel that we have examined the errors assigned and each of them. They are:

1. That the action was not instituted by the proper party, the plaintiff.

This may not be maintained because of the section controlling, namely, §11241 GC, which provides:

"An action must be prosecuted in the name of the real party in interest,"

Here the party plaintiff held the claim by assignment, the terms of which, appear in the record. Without analyzing them specifically, suffice to say under the instrument the plaintiff is the real party in interest. The rights reserved to the assignor in the assignment affected not at all the full title and ownership of the cause of action. The obligation of the assignor to assist in the collection, or the provision that if any of the accounts assigned including that sued upon were not paid in full the assignor would reimburse the assignee, were independent obligations of the assignor to the assignee which did not affect his ownership and rights to the account sued upon.

2. That the plaintiff did not make proper proof of the sales of gasoline, the purchase price of which was the amount sued for by plaintiff.

The basis of the claim of the plaintiff was the purchase price of gasoline · sold by Hatton and his successor to the defendant, all of which was originally made the subject of separate-sales slips which slips at the time of the trial were not produced. The principle which the trial judge applied in accepting the testimony of the credit manager of the plaintiff is stated in **17 O. Jur., Sec. 202 p. 265.**

"The rule may be stated broadly, that secondary evidence is always admissible when the primary evidence is not procurable by reason of its loss or destruction, * * * provided, of course, that the fact that it is not procurable is made to appear."

Upon a reading of this record we have very serious doubts if proper basis was established for the admission of secondary evidence for the reason that proper proof was not made of the loss of the sales slips. True, Mr. Swartz, the Branch Manager for plaintiff said that the slips had been sent to the Cleveland office. He later said that a set of the slips were at the Springfield office and finally that they were lost, but it does not appear that he was in charge of the slips nor that he had personal knowledge of enough facts to establish their loss either from the Cleveland or the Springfield offices. However, it is obvious from the testimony of the defense that no claim was urged that there was any substantial variance

between the amount of gasoline claimed by plaintiff to have been sold to the defendant and the amount which the defendant admitted it had purchased.

3. That the plaintiff failed to credit the defendant with three cents rebate on the gasoline purchases, the subject of the suit, whereas it had been credited with two cents per gallon only.

This presented a factual question as to which the parties were clearly in dispute and the court resolved the evidence in favor of the plaintiff. The prerogative exercised by the trial judge was well within his province.

Appeal dismissed.

BARNES, P. J., and GEIGER, J., concur.